Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and the defendant/employer.
3. Carolina Medicorp is carrier on risk.
4. Plaintiff's average weekly wage was $572.00.
5. The date of the alleged injury is November 20, 1995.
6. Plaintiff's medical records were stipulated into evidence and consist of: documentation from Forsyth Memorial Hospital; documentation from Peter E. Parker, M.D.; documentation from Medical Park Hospital; documentation from Robert Bryce, M.D.; documentation from CMI Pain Management Center; documentation from Piedmont Institute of Pain Management; documentation from Vassar Brothers Hospital; documentation from Jeffrey Ngeow, M.D.
7. The medical records from the treatment of a Vietnamese patient attended by the plaintiff, consisting of seventy-five pages, are stipulated into evidence.
8. The issues before this Commission are (i) whether the plaintiff sustained an injury by accident arising out of and in the scope of her employment with defendant/employer on November 20, 1995 and (ii) if so, what, if any, compensation is due the plaintiff.
********
EVIDENTIARY RULINGS
The objections raised in the depositions of Peter E. Parker, M.D. and Daniel W. Murphy, M.D. are OVERRULED.
********
The Full Commission adopts the findings of fact of the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was forty-eight years old and employed by defendant as a licensed practical nurse. Plaintiff had been employed by defendant/employer as a licensed practical nurse on the orthopaedic floor of the Forsyth Memorial Hospital since February, 1994.
2. By working as a licensed practical nurse on the orthopaedics floor of the Forsyth Memorial Hospital, plaintiff's duties included transferring patients from one location to another, including transfers from bed to chairs and from chairs to bed. Many of the patients which were assigned to the plaintiff were over seventy years old.
3. In the event patients cannot assist themselves and require a total body lift, two or more hospital staff would assist in the lift.
4. On November 20, 1995, plaintiff was working the 3:00 p.m. to 11:00 p.m. shift on the orthopaedics floor. During that shift, one of plaintiff's patients was an eighty-seven year old Vietnamese woman who had been admitted to the hospital with a broken hip. On November 20, 1995, plaintiff transferred the Vietnamese patient out of bed with the assistance of another staff member. Plaintiff had been encountering some problems with this patient.
5. Later in the evening of November 20, 1995, the Vietnamese woman needed to be returned to her bed. Plaintiff was in the process of moving this patient to the bed when plaintiff encountered problems with the patient. The patient was being combative. In order to move the patient to the bed, plaintiff performed a squat lift and hoisted the patient onto the bed. Plaintiff felt a pop in her perirectal area during her lift.
6. Plaintiff reported to her supervisor that she felt a pop in her perirectal area during her lift of the Vietnamese patient. Plaintiff worked the remainder of her shift and went home.
7. Plaintiff returned to work on November 21, 1995 and reported to work on November 22, 1995. Plaintiff indicated to her supervisor, Octavia Ingram, that she was experiencing increased pain in her perirectal area. Ms. Ingram insisted that plaintiff go to the emergency room of the hospital.
8. Plaintiff was treated by Peter E. Parker, M.D., a general surgeon, who diagnosed plaintiff with a perirectal abscess.
9. On December 6, 1995, Dr. Parker performed an incision of the abscess.
10. Plaintiff saw Dr. Parker in December at his office and by January 6, 1996, Dr. Parker noted that the wound was not healing.
11. On February 12, 1996, Dr. Parker performed additional surgery.
12. Plaintiff contends that she has continued to experience pain up to and including the time of the hearing related to her perirectal abscess. Plaintiff has received treatment from a pain management center relating to her pain.
13. A perirectal abscess comes from a fistula in ano. A fistula in ano is an infection in the anus caused by stool which gets caught in the anal valve system and creates an abscess. The abscess is created when the dirty material and bacteria trapped in this tunnel moves from the inside of the rectum to the outer layer of skin of the rectum.
14. Peter E. Parker, M.D. and Daniel W. Murphy, M.D. opined that neither physician had seen patients that developed a perirectal abscess from lifting. Both physicians further opined that this type of abscess occurs because of stool becoming caught and creating an abscess which burrows through the skin.
15. Peter E. Parker, M.D. and Daniel W. Murphy, M.D. also opined that perirectal abscess develop over several weeks to several months.
16. There is insufficient medical evidence of record from which to determine by its greater weight that the perirectal abscess and subsequent pain of which plaintiff subsequently complained were caused by or related to the plaintiff's incident at work on November 20, 1995.
********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident arising out of and in the course of her employment with defendant/employer on November 20, 1995. North Carolina General Statute § 97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. North Carolina General Statute § 97-2(6).
********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
 S/ ____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________ LAURA K. MAVRETIC COMMISSIONER
S/ ____________ EDWARD GARNER, JR. DEPUTY COMMISSIONER
BSB:md